UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.

CARMEN MARIA MARTINEZ MORA,

    Plaintiff,

vs.

MIA AESTETHICS CLINIC, LLC,
a Florida limited liability company,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Carmen Maria Martinez Mora ("Martinez Mora" or "Plaintiff"), sues Defendant, Mia Aesthetics Clinic, LLC ("Mia Aesthetics") and states:

## GENERAL ALLEGATIONS

1. This is an action brought by a former employee of Defendant for declaratory judgment, to recover monetary damages in the form of unpaid overtime compensation, as well as an additional amount as liquidated damages, to redress the deprivation of rights secured to Plaintiff by the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq.* ("FLSA") and for an award of attorneys' and paralegal fees and costs.

## Jurisdiction

2. This Court has subject jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), under the Fair Labor Standards Act (the "FLSA").

3. At all times material hereto, Defendant was the employer of the Plaintiff and they conducted business in this judicial district[1].

---

[1] Plaintiff reserves the right to amend and add the individual or individuals who may have individual liability as a Defendant, see 29 U.S.C. § 203(d):
"Employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee

4. At all times material hereto, Mia Aesthetics (a business that provides plastic surgery services to the public) was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

5. Upon information and belief, at all times material hereto, Mia Aesthetics's annual gross revenue exceeded $500,000 per annum.

## Venue

6. This Court is the appropriate venue based upon the following:

   (a) The unlawful employment practices alleged herein occurred and/or were committed in the Southern District of Florida and,

   (b) The Defendant did, and continues to, operate a company and employs many individuals doing business within the Southern District of Florida (among other numerus locations in other states).

## Parties

7. Plaintiff was and continues to be a resident of Miami-Dade County, Florida, from where she worked for the Defendants.

8. Mia Aesthetics is located, in and operates its business, in the Southern District of Florida in Miami Dade County.

9. The Plaintiff was hired and worked as a non-exempt surgical assistant employee by the Defendant to provide services as a surgical assistant for Mia Aesthetics, and was one of the sixty or so such surgical assistants.

10. During most of her employment over the last three years or so, Plaintiff, worked far in excess of forty (40) hours per work week in most all of the weeks she worked, but Defendant willfully failed and refused to compensate Plaintiff overtime properly for such work in violation of the FLSA.

**Martinez Mora Statement of Claim**

11. Plaintiff's Statement of Claim is as follows:

12. Typically, for most of the applicable limitations period, Plaintiff worked as many as twenty (20) hours per day, for five days per week, often working on seven or so plastic surgery cases per day, starting her work as early as 6 AM and often continuing until after 11 PM, with little, if any, time off from work in between.

13. Typically, Plaintiff was not provided and did not take a bona fide meal period.

14. At some point in time, in mid-2020, there existed a backlog of patients due to the COVID pandemic and, therefore, Plaintiff also worked on the weekends as well for a number of months.

15. Also, for most of the last two years, Plaintiff had a different schedule for one week out of each month, during which she had only one procedure per day rather than approximately seven per day and she worked approximately eight hours per day (sometimes more) for the five days that week. During this one week per month, Plaintiff's duties included cleaning up used surgical materials, providing supplies for surgeries in which other surgical assistants were involved and, generally, cleaning.

16. Typically, Plaintiff was paid $130 per surgery, some of which lasted three hours or more, depending on the type of procedure and other factors. Various Records concerning the type and number of surgical procedures and the number of hours of such procedures during which Plaintiff worked are presumably in the exclusive possession and sole custody and control of the Defendants, and, therefore, Plaintiff is unable to state at this time the exact number of hours worked and the exact amount due. Those records include, but are not limited to medical-related records that include information concerning Plaintiff's participation and the start and finish times of the procedures performed in the surgery and recovery time.

17. Typically, Plaintiff was not provided, and did not take, bona fide meal periods where she was relieved from work and had time to and for herself where she was not interrupted with work-related matters for at least 20-30 continuous minutes and, therefore, was working for the entire time from when she arrived to when she left the Mia Aesthetics workplace clinics. She lived minutes away from one of the clinics and typically went home to gain a few hours of sleep per day whenever she was able to do so.

18. A preliminary estimated calculation of wages due Plaintiff is as follows:

    A. **Five-Day Weeks (about sixty of them).** As such, during those weeks when Plaintiff worked a five-day schedule, she worked about twenty hours per day for five days per week, or 100 hours per week approximately (i.e., 60 hours of overtime per week) (the "Five-Day Weeks"). Plaintiff was paid $130 per procedure for about seven or so procedures each day (or about $910 or more per day for five days or $4,560 for that week, for about 100 hours or so (which equates to a regular rate of about $45.60/hour and an overtime rate of 1.5 times that rate or $68.40/hour). In those weeks, there were about 60 hours of overtime worked for which Plaintiff should have been paid at that overtime rate. Over the last applicable two years[2] of employment alone, there were approximately 60 of those weeks (i.e. 104 weeks **for the two-year period minus the 20 weeks described in Sub-Section "B" below** and **minus the 24 weeks described in Sub-Section "C" below**) for which Plaintiff is entitled to at least the part of the overtime rate she

---

[2] The applicable statute of limitation period is three years but it appears that the Plaintiff did not work a full three years for the Defendant and there was a period in which the COVID pandemic limited procedures and hours worked. The reference to two years is not intended to suggest the limitations period should be two instead of three years.

4

was not paid ($22.80/hour, i.e., $68.40/hour overtime rate minus $45.60/hour regular rate) for 60 hours of overtime per week or $1,368.00 for 60 weeks or **$82,080.00 ("Overtime Due for the Five-Day Weeks").**

B. **Seven Day Weeks (for about 20 weeks)**. For about 20 weeks or so in mid-late 2020, Plaintiff worked seven (not five) days per week and, therefore, worked more than 100 hours per week and more than approximately 100 hours of overtime per week (the "Seven Day Weeks"). Plaintiff is entitled to at least the part of the overtime rate she was not paid (say $22.80/hour) for 100 hours of overtime per week or $2,280 for 20 weeks or **$45,600.**

C. **One Surgery Per Day Weeks (for about 24 weeks)**. In some months (Plaintiff worked one week per month working on only one surgery per day (the "One Surgery Per Day Weeks"). Plaintiff was paid $130 per day for five days or $680 for that week for about 40 hours or so. It is unclear at this time whether any overtime is due for those weeks. Over the last two years, there were approximately 24 of those weeks (i.e. one week per month for the last 24 or so weeks of employment).

D. The nature of the wages sought by the Plaintiff is for overtime, as described above. The total overtime due is about **$82,080** and **$45,600,** or **$127,680,** in compensatory damages plus Liquidated damages in the same amount for a total of **$255,360 (subject to review upon review of Defendants' records)**.

19.     Records concerning, and which can establish, the number of hours of overtime for which Plaintiff should be compensated are presumably in the exclusive possession and sole

5

custody and control of the Defendants, and therefore, Plaintiff is unable to state at this time the exact amount due.

20. Plaintiff, however, will attempt to obtain such information by appropriate discovery proceedings, to be taken in this case, including, but not limited to, medical records of procedures performed on patients, charges to, and collections from, patients and from testimony of various co-workers of the Plaintiff and other employees of the Defendants, along with Plaintiff's own testimony. If required, an amendment to this Complaint will be submitted by the Plaintiff to set forth updated amounts due.

21. Defendant did not keep time records of all of the time worked by Plaintiff, as it was required to do under the FLSA..

22. Defendant did not pay Plaintiff overtime even though she was non-exempt and worked more than 40 hours per week in the weeks she worked for Defendant.

23. Defendant knew Plaintiff was working overtime but acted with indifference as to whether it was paying Plaintiff for all overtime worked, when it knew or should have known with the exercise of reasonable effort, that Plaintiff was not being paid all to which she was entitled.

24. Defendant knew that Plaintiff's duties and demands placed on her required her to work more than 40 hours per week, that she, in fact, was working more than 40 hours per week, that all of the time she was working was not being tracked by the Defendant, and that the Defendant was not paying Plaintiff overtime for hours worked more than 40 hours per week.

25. Defendant knew, or, exercising reasonable diligence, would have gained knowledge and did gain knowledge that Plaintiff was not being compensated overtime, at the rate of one and a half times the regular rate for those hours that were worked in excess of forty (40) per week, or otherwise, as required by the FLSA. Defendant knew the amount of time

Plaintiff spent performing work or, with the exercise of reasonable care, could have and should have known of the existence of all of the time worked by Plaintiff.

26. Defendant knowingly and willfully operated its business with a policy of not paying overtime compensation to Plaintiff, which was in violation of the FLSA.

27. Defendant knew or should have known they were in violation of the FLSA, sufficiently so as to warrant the extension of the applicable statute of limitations from two to, at least, three years or more.

28. Furthermore, the statutory notice employers are required to post to inform employees of their rights under the FLSA was not posted and/or kept current and, therefore, the applicable statute of limitation should be equitably tolled, including, but not limited to, Plaintiff and for others similarly situated who worked more than two years without receiving overtime. See, e.g., Cruz v. Maypa, 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); Yu G. Ke v. Saigon Grill, Inc., 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("Failure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); Kamens v. Summit Stainless, Inc., 586 F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

29. Defendant has violated Title 29 U.S.C. §206 and/or §207 in that, among other reasons:

    (a) Plaintiff was not paid overtime to which she was entitled; and

    (b) Defendant have failed to maintain proper time records as mandated by the FLSA.

30. Plaintiff has retained Schwarzberg & Associates, P.L. to represent her and has agreed to pay the Firm reasonable attorneys' and paralegal fees for its services on all levels.

31. Plaintiff has fulfilled all conditions precedent to the filing of this lawsuit and/or such conditions have been waived.

## COUNT I
## UNPAID OVERTIME COMPENSATION – DECLARATION—RETALIATION VIOLATION of 29 U.S.C. § 207

32. Plaintiff realleges and reavers the General Allegations as if fully set forth herein.

33. During Plaintiff's employment with the Defendant, she worked hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half.

34. Plaintiff was entitled to be paid at the rate of time and one-half for hours worked in excess of the maximum hours provided for in the FLSA.

35. Defendant failed to pay Plaintiff overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

36. Plaintiff failed to keep records of time worked by Plaintiff. Records concerning the actual compensation paid to her are in the possession and custody of the Defendant. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case to determine the amount due to her.

37. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when they knew or should have known such was due.

38. Defendant failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

39. Plaintiff has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

40. Plaintiff is entitled to an award of her reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, respectfully requests that judgment be entered in her favor and against the Defendant jointly and severally:

A. Declaring that Defendant have violated the overtime provisions of 29 U.S.C. § 207;

B. As to Plaintiff:

   i. Awarding the overtime compensation referred to herein in the final amounts to be calculated;

   ii. Awarding liquidated damages in the amounts calculated;

   iii. Declaring that the statute of limitations should be extended to three years and/or that the statute of limitation be tolled;

   iv. Awarding reasonable attorneys' and paralegal fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

   v. Awarding pre-judgment and post-judgment interest; and

C. Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE FOR HERSELF AND ALL OTHERS SIMILARLY SITUATED.**

SCHWARZBERG & ASSOCIATES
*Attorneys for Plaintiff*
2751 South Dixie Highway, Suite 400
West Palm Beach, FL 33405
Telephone:   (561) 659-3300
Facsimile:    (561) 693-4540

By: /s/ **Steven L. Schwarzberg**
STEVEN L. SCHWARZBERG
Florida Bar No. 306134
steve@schwarzberglaw.com
mail@schwarzberglaw.com